**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



John P. Gustafson
United States Bankruptcy Judge

**Dated:  November 21 2016**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re:**   Ronald L. Joan, II | * | **JUDGE JOHN P. GUSTAFSON** |
| aka Ron Joan | | |
| SSN: xxx-xx-1647 | * | Case No. 16-31009 G |
| Kathryn E. Joan | | |
| aka Kathryn E. Klingler | * | |
| aka Kathy Joan | | |
| aka Kathy Klingler | * | |
| SSN: xxx-xx-2624 | | |

**Debtors**

<u>**ORDER CONFIRMING PLAN**</u>
<u>**AND**</u>
<u>**CONSOLIDATING JOINT DEBTORS' ESTATES**</u>

The debtors' plan filed on March 30, 2016, as modified per Amended Plan filed April 7, 2016, as further modified per Second Amended Plan filed May 19, 2016, and as further modified per Stipulated Order Amending Chapter 13 Plan filed November 17, 2016, having been transmitted to creditors, and it having been determined after hearing on notice that the plan complies with the provisions of Chapter 13, and with all applicable provisions of Title 11 and that each requirement of 11 U.S.C. Section 1325(a) has been met;

**IT IS THEREFORE ORDERED** that the plan be, and it hereby is, Confirmed; it is further,

**ORDERED** that CVS Rx Services, Inc., the employer of the debtor, Kathryn E. Joan, shall deduct and remit to: **STANDING CHAPTER 13 TRUSTEE, P.O. Box 712284, Cincinnati, Ohio 45271-2284,** the sum of **$1,292.31** per pay period from the **bi-weekly** wages of the debtor **through June, 2017,** then beginning **July, 2017, the employer of the debtor shall deduct and remit to the Standing Chapter 13 Trustee** the sum of **$1,745.54** per pay period from the **bi-weekly** wages of the debtor until further Order of the Court; the employer or debtor(s) shall further immediately notify the Trustee of any termination or suspension of the debtor's employment; it is further,

**ORDERED** that Debtor(s) shall submit annually to the Trustee all Federal and State Tax Refunds (Net) for tax years **2016, 2017, 2018, 2019 and 2020** by April 15th of each year, **and submit copies of all tax returns to the Chapter 13 Trustee**; and the Debtor(s) agrees that no changes to tax withholdings shall be made without the written permission of the Trustee; it is further,

**ORDERED** that this case shall be reviewed annually as tax returns/refunds are received to determine if the dividend to unsecured creditors can be increased; it is further,

**ORDERED** that this Court shall retain jurisdiction over the net proceeds due the debtor as the result of a pending personal injury claim; it is further;

**ORDERED** that all creditors are enjoined from proceeding against the wages or other property of the debtor(s) without prior permission from this Court; that debtors' employer is enjoined from honoring garnishments, levies, executions or attachments of any kind whatsoever against the wages or other property of the debtor(s) during the pendency of this proceeding, the only exception being payroll deductions for court-ordered support and/or alimony payments; and the employer or debtor(s) shall further immediately notify the Trustee of any termination or suspension of the debtor's employment; it is further,

**ORDERED** that all creditors are enjoined from commencing or continuing any civil action, or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the debtor(s) as endorser, guarantor or co-maker; it is further,

**ORDERED** that the Trustee disburse the monies paid in, by or for the debtor(s) under the plan in accordance with 11 U.S.C. Sections 1326 and 1325, and in the event of a dismissal of this case by the Court or by the debtor(s) pursuant to 11 U.S.C. Section 1307, all funds remaining in the hands of the Trustee at the time of dismissal shall be paid to the Chapter 13 creditors pursuant to the terms of this confirmed plan; it is further,

**ORDERED** that the Trustee may cease making payment(s) on any claim that is the subject of an Objection, until such time as the Objection is resolved by a final Order. During the pendency of the Objection, the Trustee shall take reasonable steps to insure that there are funds in the estate available to pay the claim if it is allowed as filed and is otherwise properly payable pursuant to the Confirmed Plan and the priorities set forth in the Bankruptcy Code; it is further,

**ORDERED** that debtor(s) shall maintain insurance coverage on all property, both real and personal, during the pendency of this plan; it is further,

**ORDERED** that during the pendency of this case, debtor(s) shall timely file all tax returns and pay any and all post-petition tax liabilities as required by law; it is further,

**ORDERED** that debtor(s) shall not incur additional debt exceeding $1000.00 in the aggregate without the consent of the Trustee; it is further,

**ORDERED** that debtor(s) shall inform the Trustee of any changes in circumstances or additional income received, and shall further comply with any requests of the Trustee with respect to additional financial information; it is further,

**ORDERED** that the estates of the above named debtor(s) be, and the same hereby are consolidated; it is further,

**ORDERED** that the administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sections 503(b), 507(a)(1)(C), 1326(b)(2) and 28 U.S.C. Section 586(e)(1)(B).

**Certificate of Service List:**

CVS Rx Services, Inc.
PO Box 222220
El Paso, TX  79913
ATTN: Wage Garnishment Services

CVS Rx Services, Inc.
1 CVS Drive
Woonsocket, RI  02895
ATTN:  Payroll Dept.

Tom Somos, LLC
Attorney at Law
3055 North High Street
Suite #100
Columbus, OH  43202